IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| NEMO FREIGHT LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. |
| | ) | |
| TRANSPORT DELIVERY COMPANY, | ) | |
| | ) | |
| Service: Registered Agent | ) | |
| Brett Bozarth | ) | |
| 405 Clark Steet | ) | |
| Suite 120 | ) | |
| Canton, MO 63435 | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW Plaintiff, NEMO Freight LLC (hereinafter "Plaintiff" or "NEMO"), by and through counsel, and for Plaintiff's Complaint against Defendant, Transport Delivery Company (hereinafter "Defendant" or "TDC"), states as follows:

### The Parties

1. Plaintiff is a Missouri limited liability company duly organized and existing under the laws of Missouri and, at all times relevant herein, Plaintiff owned and operated commercial freight hauling equipment and engaged commercial vehicle drivers to perform interstate transportation services.

2. Defendant is a Missouri limited liability company duly organized and existing under Missouri law and, at all times relevant herein, Defendant was an interstate motor carrier

1

providing interstate transportation services under federal operating authority conferred by the United States Department of Transportation ("USDOT") and its subagencies including the Federal Motor Carrier Safety Administration ("FMCSA"), USDOT #34351, Docket No. 00258469. Upon information and belief, Defendant's federal operating authority is no longer active, <u>Defendant has ceased business operations</u> and Defendant has sold or is in the process of selling its business to a third party.

3.    Between December 15, 2021 and December 15, 2025, Plaintiff and Defendant entered into a series of Lease and Non-Competition Agreements (the "Leases"), wherein Defendant leased Plaintiff's equipment and hired Plaintiff to perform interstate transportation services for Defendant and Defendant's customers, as an independent contractor, performed under Defendant's federal operating authority, pursuant to applicable federal statutes and regulations governing interstate motor carriers and the relationship between motor carriers and independent contractors, as equipment lessors.

Truth-In-Leasing Regulations

4.    Applicable federal regulations, commonly known as the "Truth-In-Leasing" regulations, govern the relationship between interstate motor carriers and independent contractor drivers hired by motor carriers to perform interstate transportation services under the motor carrier's federal interstate operating authority, and require that certain disclosures be made and information provided to independent contractors to ensure that contractors are treated fairly and can properly calculate compensation when compensation is determined by revenues generated by the independent contractors.  49 C.F.R. Part 376.

5.    It is Plaintiff's contention that Defendant has violated the federal Truth-In-Leasing regulations, thereby violating federal law, and that Plaintiff has been damaged by said violations

2

in an amount to be determined. Applicable federal statutes governing interstate commerce have created a private right of action wherein independent contractors can file suit against an interstate motor carrier seeking redress when the Truth-In-Leasing regulations are violated. 49 U.S.C. 14704 (a).

## Jurisdiction & Venue

6.    Based upon the foregoing, this honorable Court has federal question jurisdiction pursuant to 28 U.S.C. 1331 in that Plaintiff's claims are predicated upon a private cause of action created under a federal statute and seek redress for Defendant's violation of applicable federal regulations. 28 U.S.C. 1331, 49 U.S.C. 14704 (a) and 49 C.F.R. Part 376.

7.    Venue is proper before this honorable Court in that Plaintiff is a resident of the Eastern District of Missouri, Northern Division, and Defendant is a resident of the Eastern District of Missouri, Northern Division.

## Background Facts

8.    Dating back to 2021, Plaintiff, as an independent contractor, entered into a series of Leases with Plaintiff, wherein Plaintiff leased commercial freight hauling equipment and duly qualified commercial drivers to Defendant, for use in Plaintiff's interstate freight hauling operations. True and correct copies of the Leases for the calendar year 2024 are attached hereto and incorporated by reference herein marked Exhibit 1A, 1B, 1C, 1D, 1E, 1F and 1G. The Leases entered into by the parties in 2021, 2022 and 2023 are substantially similar to the 2024 Leases attached hereto.

9.    The Leases are between an interstate motor carrier and an independent contractor whereby Plaintiff leased its equipment and drivers to Defendant, an interstate motor carrier and, therefore, the Leases are subject to and governed by applicable federal statutes and regulations

governing the relationship between interstate motor carriers and the contractors they hire to provide interstate transportation services in interstate commerce.

10. The Leases provided that Plaintiff's compensation was based upon a percentage of revenue generated on shipments transported by Plaintiff and further provided that Defendant was authorized to make deductions from Plaintiff's compensation for operating expenses including, but not limited to, payment for Defendant's legally required liability insurance coverage and cargo claims that arose while shipments were in the possession of Plaintiff, among other deductions. Accordingly, the Leases are subject to the Truth-In-Leasing regulations provided in 49 C.F.R. 376.

11. Governing federal law and regulations require that equipment not owned by the motor carrier be leased by the contractor to the motor carrier, under a written lease, and that the motor carrier provide an accounting and settlement statement reflecting how the contractor's compensation is determined. In addition, Defendant was required by law to disclose to Plaintiff the compensation received by Plaintiff from the shipper-customer for transportation services rendered by Plaintiff, to provide to Plaintiff copies of the documents upon which Plaintiff's compensation is determined (such as bills of lading, delivery receipts, invoices to and payments made by shipper-customers, documentation supporting withholdings made from Plaintiff's compensation, and so on), to permit Plaintiff to inspect documents upon which Plaintiff's compensation is determined, and to fully account for charge-backs and withholdings from Plaintiff's compensation, among other requirements, in a timely manner. See 49 U.S.C. 14102; and 49 C.F.R. Part 376.

12. Defendant has committed numerous violations of the Truth-In-Leasing regulations in its dealings with Plaintiff including, but not limited to, the following violations: (1) failing to pay Plaintiff the proper compensation due to Plaintiff under the Leases; (2) failing to provide

Plaintiff copies of the documents upon which Plaintiff's compensation was based; (3) failing to permit Plaintiff to inspect the documents upon which Plaintiff's compensation was based; (4) failing to account for and document charge-backs and withholdings made from Plaintiff's compensation under the Leases; (5) overcharging Plaintiff for liability insurance premiums for coverage required in the Leases; (6) overcharging Plaintiff for cargo claims; (7) failure to comply with the 15 day payment requirement provided in the Leases; and (8) imposing improper charges and committing errors in the settlement statements provided to Plaintiff, among other suspected violations.

13.    Based upon the above-referenced violations of the Truth-In-Leasing regulations, Plaintiff has sustained substantial damages including Plaintiff being deprived of substantial revenues due to Plaintiff. As a consequence of the foregoing, Plaintiff hereby asserts a claim under 49 U.S.C. 14704 and requests that this honorable Court enforce the Truth-In-Leasing regulations set forth in 49 C.F.R. Part 376, and assess against Defendant damages sustained by Plaintiff as a result of said violations.

14.    Pursuant to 49 U.S.C. 14704, Plaintiff is entitled to recover attorney's fees incurred in this action for seeking to enforce the Truth-In-Leasing regulations and, therefore, Plaintiff seeks recovery of its reasonable attorney's fees incurred herein.

WHEREFORE Plaintiff, NEMO FREIGHT LLC, respectfully prays that judgment be entered in favor of Plaintiff and against Defendant, Transport Delivery Company, in an amount to be determined by the trier of fact to compensate Plaintiff for Defendant's breach of the Truth-In-Leasing regulations, for accrued interest thereon, for Plaintiff's attorney's fees incurred herein, for Plaintiff's court costs incurred herein, and for such further relief as this Court deems just and proper.

REBMAN, LINHARES & BEACHEM
a Professional Corporation
/s/ N. Gregory Beachem
N. Gregory Beachem MBE #43357
165 N. Meramec, Suite 310
St. Louis, MO 63105
314-725-1118
314-725-1026 (f)
greg@rlblaw.net