**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NEMO FREIGHT LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-cv-1817 SEP |
| | ) | |
| TRANSPORT DELIVERY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### CASE MANAGEMENT ORDER - TRACK 2: STANDARD

Pursuant to the Civil Justice Reform Act Expense and Delay Reduction Plan and the

Differentiated Case Management Program of the United States District Court of the Eastern

District of Missouri, and the Rule 16 Conference held on **July 23, 2026,**

**IT IS HEREBY ORDERED** that the following schedule shall apply in this case, and will

be modified only upon a showing of exceptional circumstances:

**I.      SCHEDULING PLAN**

1.      This case has been assigned to Track 2 (Standard).

2.      Any motions for joinder of additional parties or amendment of pleadings are to be filed no later than **9/31/2026**.

3.      Disclosure shall proceed in the following manner:

(a)    The parties shall make all disclosures required by Rule 26(a)(1), Fed. R. Civ. P., no later than **August 31, 2026**.

(b)    Plaintiff shall disclose all expert witnesses and shall provide the reports required by Rule 26(a)(2), Fed. R. Civ. P., no later than **December 30, 2026**, and shall make expert witnesses available for depositions, and have depositions completed, no later than **January 29, 2026**.

(c)    Defendant shall disclose all expert witnesses and shall provide the reports required by Rule 26(a)(2), Fed. R. Civ. P., no later than **February 12, 2027**, and shall make expert witnesses available for depositions, and have depositions completed, no later than **March 26, 2027**.

(d)      The presumptive limits of ten (10) depositions per side as set forth in Rule 30(a)(2)(A), Fed. R. Civ. P., and twenty-five (25) interrogatories per party as set forth in Rule 33(a), Fed. R. Civ. P., shall apply.

(e)      Requests for physical or mental examinations of parties pursuant to Rule 35, Fed. R. Civ. P., are not expected in this matter.

(f)      The parties shall complete all discovery in this case no later than **March 31, 2027**.

(g)      Before filing any discovery memorandum or motion, the parties must first attempt to resolve their discovery dispute without court intervention in compliance with Local Rule 3.04.  If the parties are unable to reach an agreement without court intervention, they ***must*** file a motion requesting a video conference with the Court.  The motion must be filed jointly; must specify the parties' attempts to achieve a resolution; must concisely describe (e.g., in bullet points) the issue(s) in dispute; and must not exceed three (3) pages in length.

(h)      All discovery motions, including motions to compel, must be pursued in a diligent and timely manner.  All discovery motions must be filed no later than ten (10) days after *either* a video conference conducted pursuant to section (g) *or* the denial of the parties' joint request for a video conference.  The Court will not consider motions to compel filed more than fourteen (14) days following the discovery deadline set out above. Pursuant to L.R. 3.04(A), no motion to compel will be considered unless the parties have first attempted to resolve the dispute without Court intervention.

4.      This case shall be referred to alternative dispute resolution on **February 15, 2027**, and that reference shall terminate on **April 30, 2027**.

5.      Any motions to dismiss, for summary judgment, motions for judgment on the pleadings or, if applicable, any motion to exclude testimony pursuant to Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) or Kumho Tire Co. Ltd v. Carmichael, 526 U.S. 137 (1999), must be filed no later than **May 31, 2027**.  Any response and reply shall be filed in accordance with the deadlines set forth in the Local Rules. *See* E.D. Mo. L.R. 4.01.  **For all filings of twenty (20) or more pages or with ten (10) or more pages of attachments, parties must submit courtesy copies to the Court.**

## II.      ORDER RELATING TO TRIAL

This action is set for a **JURY** trial on **November 8, 2027**, at **09:00 AM**.  **This is a four-week docket, and the parties are expected to be ready and available for trial on the first day of the docket.**

When the case is terminated or settled by the parties at a time too late to cancel the jury attendance or to use the summoned jurors in another trial, the Court may tax against one or all parties the per diem, mileage, and other expenses of providing a jury for the parties, unless good cause for the delayed termination or settlement is shown.

**In this case, unless otherwise ordered by the Court, the attorneys shall, not less than twenty (20) days prior to the date set for trial:**

1.      **Stipulation**: Meet and jointly prepare and file with the Clerk a JOINT Stipulation of all uncontested facts, which may be read into evidence subject to any objections of any party set forth in said stipulation (including a brief summary of the case which may be used on Voir Dire).

2.      **Witnesses**:

(a)     Deliver to opposing counsel, and to the Clerk, a list of all proposed witnesses, identifying those witnesses who will be called to testify and those who may be called.

(b)     Except for good cause shown, no party will be permitted to call any witnesses not listed in compliance with this Order.

3.      **Exhibits**:

(a)     Mark for identification all exhibits to be offered in evidence at the trial (Plaintiffs to use Arabic numerals and defendants to use letters, e.g., Pltf-1, Deft.-A, or Pltf Jones-1, Deft Smith-A, if there is more than one plaintiff or defendant), and deliver to opposing counsel and to the Clerk a list of such exhibits, identifying those that will be introduced into evidence and those that may be introduced.  The list shall clearly indicate for each business record whether the proponent seeks to authenticate the business record by affidavit or declaration pursuant to Fed. R. Evid. 902(11) or 902(12).

(b)     Submit said exhibits or true copies thereof, and copies of all affidavits or declarations pursuant to Fed. R. Evid. 902(11) or 902(12), to opposing counsel for examination. Prior to trial, the parties shall stipulate which exhibits may be introduced without objection or preliminary identification, and shall file written objections to all other exhibits.

(c)     Except for good cause shown, no party will be permitted to offer any exhibits not identified or not submitted by said party for examination by opposing counsel in compliance with this Order.  Any objections not made in writing at least ten (10) days prior to trial may be considered waived.

4.      **Depositions, Interrogatory Answers, and Request for Admissions**:

(a)     Deliver to opposing counsel and to the Clerk a list of all interrogatory answers or parts thereof and depositions or parts thereof (identified by page and line numbers), and answers to requests for admissions proposed to be offered in evidence.  At least ten (10) days before trial, opposing counsel shall state in writing any objections to such testimony and shall identify any additional portions of such depositions not listed by the offering party which opposing counsel proposes to offer.

(b)     Except for good cause shown, no party will be permitted to offer any interrogatory answer, or deposition or part thereof, or answer to a request for admissions not listed in compliance with this Order.  Any objections not made as above required may be considered waived.

5.      **Instructions**: Submit to the Court a single packet of JOINTLY proposed jury instructions with residual disagreements clearly identified and the legal basis for every proposed instruction included.

6.    **Trial Brief**: Submit to the Court and opposing counsel a trial brief stating the legal and factual issues and authorities relied on and discussing any anticipated substantive or procedural problems.

7.    **Motions In Limine**:  File all motions in limine to exclude evidence, <u>and submit a courtesy copy directly to the Court's chambers</u>, at least fourteen (14) days before trial. Responses shall be filed at least seven (7) days prior to trial.

Failure to comply with any part of this order may result in the imposition of sanctions.

Dated this 24th day of July, 2026.


_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE