**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| NEMO FREIGHT LLC,<br>*Plaintiff,*<br>v.<br>TRANSPORT DELIVERY COMPANY,<br>*Defendant.* | |
| TRANSPORT DELIVERY COMPANY,<br>*Counterclaim Plaintiff,*<br>v.<br>NEMO FREIGHT LLC and JOHN HENDERSON,<br>*Counterclaim Defendants.* | Case No. 4:25-cv-1817-SEP |

**MEMORANDUM AND ORDER**

Before the Court is Counterclaim Defendant John Henderson's Motion to Dismiss. Doc. [9]. The motion is fully briefed. Docs. [10], [12], [13]. For the reasons set forth below, the motion is denied.

**FACTS & BACKGROUND**[1]

From 2021 to 2024, NEMO Freight LLC entered into a series of lease agreements with Transport Delivery Company. Doc. [1] ¶ 8. In its dealings with NEMO, Transport Delivery allegedly violated federal "Truth-In-Leasing" regulations, so NEMO sued. *Id.* ¶¶ 12-14. In response, Transport Delivery asserted a Counterclaim for breach of contract against NEMO and John Henderson, NEMO's owner and operator, for breaching a 2024

[1] On review of a motion to dismiss, the Court assumes that the factual allegations in the challenged pleading are true. *See Neitzke v. Williams*, 490 U.S. 319, 228 (1989).

lease agreement (the "Agreement") in various ways. Doc. [6] at 6-9. Henderson signed the Agreement twice—first to execute the Agreement on behalf of NEMO, and then to execute a "Personal Guarantee" of the Agreement:

> IN WITNESS WHEREOF, Lessor and Lessee have executed this Agreement in triplicate, the day and year first above written, and each acknowledge receipt and retention of a signed copy.
>
> LESSOR:
>
> NEMO Freight LLC/ John Henderson
>
> By: ______________________
> John Henderson
>
> Social Security Number or FEIN: 84-1962819
>
> ______________________
> Equipment approved – Rep. TDC
>
> Date: ______________________
>
> LESSEE:
>
> TRANSPORT DELIVERY COMPANY
>
> By: ______________________
> Stevi Simmons
>
> **PERSONAL GUARANTEE**
>
> In the Event that Lessor is a corporation, limited liability company or other legal entity, and in order to induce Lessee to enter into this agreement with Lessor, NEMO Freight LLC, as an owner, principal and/or officer of Lessor, agrees to personally guarantee all the obligations of Lessor under the Agreement and, specifically, agrees to be bound by the confidentiality and non-competition provisions contained in paragraphs 18-19 and 21.
>
> AGREED TO AND ACKNOWLEDGED: ______________________

Doc. [6-1] at 9.

Henderson now moves to dismiss Transport Delivery's Counterclaim under Federal Rule of Civil Procedure 12(b)(6), arguing that the Agreement is not personally enforceable against him because he is neither a party to, nor guarantor of, the Agreement he and NEMO allegedly breached. Doc. [9] at 2.

**LEGAL STANDARD**

For Henderson's Rule 12(b)(6) motion to succeed, he must show that the counterclaim fails to "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. On review of a motion to dismiss, the Court accepts the factual allegations in the challenged pleading as true and draws all reasonable inferences in the nonmovant's favor. *Healy v. Fox*, 46 F.4th 739, 743 (8th Cir. 2022). But the Court is not bound to accept legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

**DISCUSSION**

Henderson's sole argument for dismissal is that Counterclaim Plaintiff has not plausibly alleged that he is personally liable under the Agreement, because he signed the "Personal Guarantee" on behalf of NEMO, not himself. Docs. [9] at 2; [10] at 3. That argument fails. By incorporating into the Counterclaim the Agreement itself, which clearly shows that he signed twice—first on behalf of NEMO Freight and also under a heading called "Personal Guarantee," Counterclaim Plaintiff has plausibly alleged that Plaintiff is personally liable. *See* Doc. [6-1] at 9.

Under Missouri law,[2] Henderson is considered to have signed the guarantee in his individual capacity if, "in view of the form of the signature to the agreement, the language of the so called guaranty clause is sufficient to manifest a clear and explicit intent by [Henderson] to assume a personal guaranty contract." *Wired Music, Inc. v. Great River Steamboat Co.*, 554 S.W.2d 466, 469 (Mo. App. 1977); *see also Cardinal Health 110, Inc. v. Cyrus Pharmaceutical, LLC*, 560 F.3d 894, 899 (8th Cir. 2009) (citing *Wired Music*). To remove any doubt as to whether a corporate representative intended to personally guarantee a contract, Missouri courts have adopted the policy that "'the [representative] should sign the contract twice[,] once in his corporate capacity and once in his individual capacity.'" *Capitol Grp., Inc. v. Collier,* 365 S.W.3d 644, 648 (Mo. App. 2012) (quoting *Wired Music*, 554 S.W.2d at 470-71) (alteration in original). "By signing the contract twice, the

[2] Missouri law applies in this case because the agreement at issue provides that it "shall be construed and litigated under Missouri law." Doc. [6] at 8 ¶ 7. "Federal courts sitting in diversity apply the choice-of-law rules of the forum state." *Cicle v. Chase Bank USA*, 583 F.3d 549, 553 (8th Cir. 2009). Here, the forum state is Missouri. And under Missouri's rules, choice-of-law clauses in a contract are generally enforceable. *Id.*

officer executing the contract for his corporation clearly manifests his intent to assume personal liability." *Id.*

*First,* Henderson signed the Agreement twice. As the Agreement itself clearly shows, Henderson signed twice on two separate signature lines—first to execute the Agreement for the "Lessor" (*i.e.*, NEMO), and then to execute the ***personal*** guarantee. Doc. [6-1] at 9.

*Second,* the text of the guarantee supports Transport Delivery's claim that Henderson is personally liable. In full, the guarantee states:

> **PERSONAL GUARANTEE**
>
> In the Event that Lessor is a corporation, limited liability company or other legal entity, and in order to induce Lessee to enter into this agreement with Lessor, NEMO Freight LLC, ***as an owner, principal and/or officer of Lessor***, agrees to ***personally guarantee*** all the obligations of Lessor under the Agreement and, specifically, agrees to be bound by the confidentiality and non-competition provisions contained in paragraphs 18-19 and 21.

Doc. [6-1] at 9 (emphasis added).

The text of the guarantee is not unambiguous. Because "NEMO Freight"—i.e., the Lessor itself—appears in the blank before "owner, principal and/or officer of Lessor," the guarantee appears to identify NEMO as the "owner, principal and/or officer" of itself, and thus somehow the guarantor of its own obligations under the Agreement. But that is far from the only possible interpretation of the text of the guarantee, especially since interpreting it as such would be "redundant, illusory, absurd, and therefore unreasonable." *Cardinal Health 110, Inc. v. Cyrus Pharm., LLC*, 560 F.3d 894, 900-01 (8th Cir. 2009) (citation and quotation marks omitted) (rejecting an interpretation of a guarantee, under Missouri law, that would result in a company guaranteeing its own debt). Given the absurdity of the literal interpretation, it is at least plausible that "NEMO Freight LLC" was mistakenly inserted into the guarantee following "Lessor" simply to identify NEMO as the lessor, not because the parties intended NEMO to be the guarantor of its own obligations. And the rest of the guarantee suggests that the parties intended Henderson to personally guarantee NEMO's obligations under the Agreement. By its plain terms, the guarantee is an agreement by "an owner, principal, and/or officer ***of*** [NEMO]" to "***personally*** guarantee all the obligations of [NEMO] under the Agreement." Doc. [6-1] at 9 (emphasis added). That language makes sense if the guarantor is an individual like Henderson who is the "sole

member of NEMO," Doc. [10] at 3, and its owner and operator, Doc. [6] at 6 ¶ 1. That text makes less sense if Henderson was merely signing the guarantee on behalf of NEMO.

Assuming the allegations in the Counterclaim to be true and construing the record in the light most favorable to Transport Delivery, the Counterclaim does sufficiently plead that Henderson is personally liable under the Agreement.

Accordingly,

**IT IS HEREBY ORDERED** that Counterclaim Defendant John Henderson's Motion to Dismiss, Doc. [9], is **DENIED**.

Dated this 30th day of September, 2026.

Sarah E. Pitlyk

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE